IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,876-01






EX PARTE ALFRED DEWAYNE BROWN








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 1035159-A IN THE 351
ST DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 



O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure Article 11.071 which comes to this Court as untimely
filed. (1)

 On June 1, 2007, the State filed in this Court its brief on applicant's direct appeal. 
Pursuant to Article 11.071, § 4(a), counsel should have filed applicant's application for writ
of habeas corpus in the convicting court no later than July 16, 2007. Prior to that date, as
allowed by Article 11.071, § 4(b), applicant filed for and received what purported to be a
90-day extension for filing applicant's application. In the motion requesting the extension,
applicant's counsel explained that he originally had trouble receiving a copy of the trial
record and also needed additional time to complete the investigation and acquire additional
documents.

 However, also in the motion, counsel mistakenly stated that the State's brief was
filed on June 12, 2007. (2) From this, he calculated that the original due date was July 26,
2007, and an extension would make the due date October 26, 2007. (3) After the prosecutor
apparently corrected his miscalculation, applicant amended his motion to show a due date
of October 24, 2007. The State did not challenge the June 12 date as the day the State's
brief was filed. The amended motion was timely filed on July 13, 2007. On that same day,
the judge granted the motion for extension in an order which stated that the deadline for
filing the application for writ of habeas corpus was "extended to October 24, 2007." The
State did not object to the court's granting of this motion. Applicant filed his application
on October 24, 2007.

 We hold that applicant's apparently honest mistake, his reliance on the date set in
the court's order, and the State's failure to challenge the mistake amount to a showing of
good cause pursuant to Article 11.071, § 4A. Applicant's application should be considered
timely filed on October 24, 2007, and the trial court is ordered to proceed with its review
of the application. The timelines set out in Article 11.071, §§ 7-9, shall start to run as of
the day this order is issued.

 IT IS SO ORDERED THIS THE 16TH DAY OF JANUARY, 2008.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.
2. According to counsel, he misread the postmark date for the actual date of filing on the postcard
notifying the parties that the State's brief had been filed.
3. Both of these calculations are actually incorrect.